IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Criminal No. 1:18cr150-HSO-JCG-1 |
| ERICA LEIGH WOOLDRIDGE | § § § | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT ERICA LEIGH WOOLDRIDGE'S MOTION [20] FOR COMPASSIONATE RELEASE**

**BEFORE THE COURT** is Defendant Erica Leigh Wooldridge's Motion [20] for Compassionate Release.  For the reasons that follow, the Motion should be denied without prejudice.

I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on October 4, 2018, Defendant Erica Leigh Wooldridge ("Defendant" or "Wooldridge") pleaded guilty to Counts 1 and 2 of an Information in this case.  Count 1 charged that Wooldridge

> did knowingly and intentionally conspire, with others both known and unknown to possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance and fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).
>
> All in violation of Title 21, United States Code, Section 846.

Information [1] at 1.  Count 2 charged that Wooldridge

> did knowingly possess a firearm in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, possession with intent to distribute heroin, a Schedule I controlled substance and fentanyl, a Schedule II controlled substance.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

*Id*.

On January 9, 2019, the Court sentenced Wooldridge to a 51-month term of imprisonment as to Count 1, and a 60-month term of imprisonment as to Count 2, to run consecutively for a total term of imprisonment of 111 months, followed by 5 years of supervised release. Wooldridge is presently incarcerated at Federal Correctional Institution ("FCI") Aliceville in Aliceville, Alabama. Wooldridge's projected release date is May 27, 2026. *See* Resp. [25] at 5.

On May 18, 2020, Wooldridge filed a pro se Motion [20] for Compassionate Release. Wooldridge claims that she has exhausted her administrative remedies, citing two requests she has attached as exhibits to her Motion. *See* Mot. [20] at 2; Exs. [20-1] at 1-2. The requests appear to be e-mails addressed to "Warden" and are dated March 19, 2020, and April 3, 2020. *See* Exs. [20-1] at 1-2. Wooldridge argues that her various medical conditions justify her compassionate release request. *See* 1-3.

The Government opposes Wooldridge's Motion, arguing that it should be denied without prejudice because Wooldridge has failed to exhaust administrative remedies. *See* Resp. [25] at 8-11. In the event the Court reaches the merits of Wooldridge's Motion, the Government takes the position that it should be denied because Wooldridge has not demonstrated any extraordinary and compelling reasons warranting a sentence reduction. *See id*. at 11-14. The Government further asserts that Wooldridge poses a significant danger to the public and that the

factors under 18 U.S.C. § 3553(a) do not weigh in favor of her release. *See id.* at 14-16.

Wooldridge has filed a Reply [31] through counsel, arguing that she has exhausted her administrative remedies, again citing the e-mail requests attached to her Motion [20], and contending that the COVID-19 outbreak and her own medical conditions present extraordinary and compelling circumstances warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* Reply [31] at 5-12. Additionally, Wooldridge asserts that she is not a danger to the public and that the applicable factors set forth at 18 U.S.C. § 3553(a) weigh in favor of granting her Motion. *See id.* at 8-11. Wooldridge notes that she will be under supervised release for five years, and that if the Court has any reservations regarding the sufficiency of her punishment it can impose conditions on her release, including home incarceration and electronic location monitoring. *See id.*

## II. DISCUSSION

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the*

> *receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i)  extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). While the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory. *Id.*

This Court has interpreted the phrase "lapse of 30 days from the receipt of such a request by the warden" to mean that exhaustion is only satisfied when 30 days have passed from the date the warden receives the request and BOP has not taken any action on it. *United States v. Allen*, 1:15-cr-36-HSO-JCG-1, ECF 70 (S.D. Miss. June 12, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020). While Wooldridge avers that she e-mailed requests to the Warden of FCI Aliceville, the evidence presented does not speak to whether or when the Warden received these requests. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Government has presented evidence that prison records

4

indicate that no such request was made, meaning no such request was received by the Warden.  *See* Ex. "C" [25-3] at 1-5.  Because Wooldridge has not shown that the Warden ever received the request, "the lapse of 30 days from the *receipt* of such a request by the warden" under the statute never occurred.  18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added); *see also, e.g., United States v. Harris*, No. 20-1723, 2020 WL 4048690, at *1 (3d Cir. July 20, 2020) ("the statute states that the defendant may file the motion thirty days after the warden receives his request").

Wooldridge did not exhaust her administrative remedies under the statute, and the Government seeks denial of her Motion on this basis.  Wooldridge's Motion is not well taken and should be denied without prejudice for failure to exhaust administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

### III.  CONCLUSION

Wooldridge has not demonstrated that she exhausted her administrative remedies, warranting the denial of her Motion.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Erica Leigh Wooldridge's Motion [20] for Compassionate Release is **DENIED WITHOUT PREJUDICE**, for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 25th day of September, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

5