IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Criminal No. 1:18cr150-HSO-JCG-1 |
| | § | |
| | § | |
| | § | |
| ERICA LEIGH WOOLDRIDGE | § | |

**ORDER DENYING DEFENDANT ERICA LEIGH
WOOLDRIDGE'S MOTION [34] FOR RECONSIDERATION
FOR COMPASSIONATE RELEASE**

BEFORE THE COURT is Defendant Erica Leigh Wooldridge's Motion [34]

for Reconsideration for Compassionate Release.  For the reasons that follow, the

Court finds that the Motion should be denied.

I.  BACKGROUND

October 4, 2018, Defendant Erica Leigh Wooldridge ("Defendant" or

"Wooldridge") pleaded guilty to Counts 1 and 2 of a Bill of Information in this case,

pursuant to a Plea Agreement with the Government.  Count 1 charged that

Wooldridge

> did knowingly and intentionally conspire, with others both known and
> unknown to possess with intent to distribute a mixture or substance
> containing a detectable amount of heroin, a Schedule I controlled
> substance and fentanyl, a Schedule II controlled substance, in violation
> of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

> All in violation of Title 21, United States Code, Section 846.

Information [1] at 1.  Count 2 charged that Wooldridge

did knowingly possess a firearm in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, possession with intent to distribute heroin, a Schedule I controlled substance and fentanyl, a Schedule II controlled substance.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

*Id.*

On January 9, 2019, the Court sentenced Wooldridge to a 51-month term of imprisonment as to Count 1, and a 60-month term of imprisonment as to Count 2, to run consecutively for a total term of imprisonment of 111 months, followed by 5 years of supervised release.  Wooldridge is presently incarcerated at Federal Correctional Institution ("FCI") Aliceville in Aliceville, Alabama.  Wooldridge's projected release date is May 27, 2026.  *See* Resp. [25] at 5.

On May 18, 2020, Wooldridge filed a pro se Motion [20] for Compassionate Release, which the Government opposed, arguing that it should be denied without prejudice because Wooldridge had failed to exhaust administrative remedies.  *See* Resp. [25] at 8-11.  The Court agreed and denied Wooldridge's Motion [20] without prejudice in light of her failure to exhaust.  *See* Order [32] at 5.

Wooldridge has filed the present Motion [34] for Reconsideration for Compassionate Release, arguing that she has now exhausted administrative remedies.  *See* Mot. [34] at 1.  Wooldridge claims that she has "medical needs that are not being addressed . . . at Aliceville Prison Camp."  *Id.*  She cites cysts in her breasts which cause her constant pain and seborrheic keratoses which she claims are spreading over her body.  *Id.*  According to Wooldridge, she has a family history of cancer and "a few risk factors."  *Id.*  Wooldridge states that, if released, she has "a

2

home & family support." *Id.*  Although Wooldridge does not specifically refer to

COVID-19 in her current Motion [34], her original Motion [20] sought release "due

to the COVID-19 outbreak" in her prison, coupled with her medical conditions. *See*

Mot. [20] at 1-3.

The Government responds that Wooldridge has not demonstrated any

extraordinary and compelling reasons warranting a sentence reduction, *see* Resp.

[38] at 3 (citing 18 U.S.C. § 3582(c)), and that her medical condition does not fall

within the categories of medical conditions identified in the relevant application

note to the Sentencing Guidelines, *see id.* (citing U.S.S.G. 1B1.13, cmt. n.1(A)).  The

Government maintains that Wooldridge is receiving appropriate healthcare for all

of her medical issues and that she has not presented evidence that she would be

safer from COVID-19 if released from incarceration.  *See id.* at 4-5, 7.  The

Government further asserts that Wooldridge poses a significant danger to the public

and that the factors under 18 U.S.C. § 3553(a) do not weigh in favor of her release.

*See id.* at 5-6.

Wooldridge has filed a Reply [42] through counsel, arguing that the

Government's assertion that she is receiving appropriate healthcare for her medical

issues "is simply not true considering Wooldridge's (1) family history of cancer, and

(2) her consistent pleas for medical care that go ignored."  Reply [42] at 1.

Wooldridge contends that she is not a danger to the community, as she "is

designated to the Camp at Aliceville, the lowest security facility in the Bureau of

Prisons, and she claims that she has "spent her time enrolled in education courses

and has no discipline history."  *Id.*

II.  DISCUSSION

A.     Relevant legal standards

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ."  18 U.S.C. § 3582(c)(1)(A)(i).  The Fifth Circuit has held that, when considering a motion for compassionate, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."  *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

B.     Whether "extraordinary and compelling reasons" warrant a sentence reduction for Wooldridge

Wooldridge argues that her release is warranted based upon her medical conditions, specifically her breast cysts and seborrheic keratoses, coupled with her family history of cancer.  *See* Mot. [34] at 1; Reply [42] at 1.  Although certain medical conditions may constitute extraordinary and compelling reasons warranting a reduction, *see* 18 U.S.C. § 3582(c)(1)(A)(i), the Court does not find that Wooldridge has alleged any such conditions in this case.

Although Wooldridge does cite some rather serious medical conditions, she has not shown that she is receiving inadequate medical care at FCI Aliceville.  Wooldridge's original Motion [20] asserted that the medical care that she was receiving then (in May 2020) was "next to none" in light of a COVID quarantine.  *See* Mot. [20] at 2.  However, those assertions were made nearly a year ago, and the Government has submitted Wooldridge's medical records in connection with the

4

present Motion.  The medical records reflect that she has been receiving medical

care for both her cysts and skin condition since at least February 2020.  *See, e.g.,*

Ex. [39] at pp. 1-8 (January and February 2021), pp. 22-53 (March through

November 2020), pp. 95-97 (January 2021), p. 100 (November 2020), pp. 104-05

(July 2020), p. 110 (July 2020), p. 116 (February 2020) (filed under seal).  Based

upon the record, Wooldridge has not demonstrated an "extraordinary and

compelling reason" warranting her release under 18 U.S.C. § 3582(c)(1)(A)(i).

To the extent that Wooldridge seeks compassionate release due to COVID-19,

generalized concerns of contracting COVID-19 are not an "extraordinary and

compelling reason" justifying an inmate's release under 18 U.S.C. § 3582(c)(1)(A)(i).

*See, e.g., United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of

COVID doesn't automatically entitle a prisoner to release.").  Wooldridge has not

argued that her medical conditions place her at an increased risk for serious illness

from COVID-19.  *See* Mot. [34] at 1; Reply [42] at 1.  However, even if they did, this

Court has held that "[p]reexisting medical conditions that place a defendant at

increased risk for serious illness from COVID-19 are not in and of themselves

sufficient to establish extraordinary and compelling reasons justifying a reduction

in sentence."  *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL

3803919, at *3 (S.D. Miss. July 7, 2020), *aff'd*, 840 F. App'x 804 (5th Cir. 2021)

(collecting cases); *see also United States v. Raiford*, No. 2:03-CR-25-KS-MTP, 2020

WL 5535368, at *2 (S.D. Miss. Sept. 15, 2020), *appeal dismissed*, No. 20-60883,

2021 WL 1111314 (5th Cir. Feb. 17, 2021) (same).

In sum, Wooldridge has not demonstrated that her medical conditions, either alone or in combination, along with the possibility of contracting COVID-19 while incarcerated, constitute extraordinary and compelling reasons justifying her compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Wooldridge has not shown that she is more likely to contract the virus if she remains incarcerated than if she were released, *see* Resp. [38] at 4-5, 7, and she has not demonstrated an "extraordinary and compelling reason" that warrants her release under 18 U.S.C. § 3582(c)(1)(A)(i).

C.      Whether the § 3553(a) factors weigh in favor of early release

Even if Wooldridge had presented evidence of an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i), the Court is not persuaded that the § 3553(a) factors weigh in favor of her release.  These sentencing factors include the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public, and to provide the defendant with needed education, training, and treatment.  *See* 18 U.S.C. § 3553(a).

According to the Presentence Investigation Report ("PSR") prepared in this case, Wooldridge had a rather extensive criminal history, but which only resulted in a criminal history score of two.  *See* PSR [15] at 11-17 (filed under seal).  Because Wooldridge committed the two offenses of conviction in this case while under a criminal justice sentence for possession of drug paraphernalia in Gulfport Municipal Court, two points were added, resulting in a total criminal history score of four.  *See*

*id.* at 16 (filed under seal).  Based upon a total offense level of 21 and a criminal

history category of III, the Guidelines imprisonment range for Wooldridge as to

Count 1 was 46 months to 57 months, while the Guidelines imprisonment range as

to Count 2 was 60 months, to be served consecutively to the sentence imposed in

Count 1.  *See id.* at 21 (filed under seal).  Wooldridge was sentenced by this Court to

51-months imprisonment as to Count 1 and 60-months imprisonment as to Count 2,

to be served consecutively, for a total of 111 months.  *See* Min. Entry, Jan. 9, 2019;

J. [18] at 2.  Upon release from imprisonment, the Court ordered Wooldridge to be

placed on supervised release for a term of three years as to Count 1 and five years

as to Count 2, to be served concurrently.  J. [18] at 3.

According to the Government, Wooldridge has served approximately 32

months of her 111-month imposed term of imprisonment, *see* Resp. [38] at 6, or less

than 30% of that imposed term.  The Court considers significant here the

seriousness of the offenses of conviction and the relatively short length of time

Wooldridge has served for her crimes.  In addition, considering the totality of the

record before it, the Court finds that releasing Wooldridge from incarceration at this

time would not reflect the gravity of her offenses, protect the public, or afford

adequate deterrence.  *See* 18 U.S.C. § 3553(a).

As the Fifth Circuit has recently noted, courts that have granted

compassionate release to high-risk inmates with preexisting conditions "largely

have done so for defendants who had already served the lion's share of their

sentences and presented multiple, severe, health concerns."  *Thompson*, 984 F.3d at

434-35. Wooldridge certainly has not served the lion's share of her sentence. *But see id.* Wooldridge's Motion [34] is not well taken and should be denied.

To the extent Wooldridge requests that the Court modify her sentence to home confinement, the Court lacks the authority to order home confinement. *See* 18 U.S.C. § 3621(b) (providing in relevant part that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment"); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003) (holding that a defendant's motion to serve the remainder of her sentence in a Community Corrections Center lacked a jurisdictional basis because, "[a]fter a district court has sentenced a federal offender, the Bureau of Prisons has the responsibility for designating the place of imprisonment"); *see also, e.g., United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020), *cert. denied*, No. 20-6095, 2020 WL 7132572 (U.S. Dec. 7, 2020); *United States v. Galbreth*, No. 1:17-CR-65-LG-RHW, 2020 WL 6803843, at *1 (S.D. Miss. Nov. 19, 2020).

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Erica Leigh Wooldridge's Motion [34] for Reconsideration for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of May, 2021.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE